## Powel's Estate

*Charles S. Gilmer,* for exceptant.

*P. A. Kennedy,* for accountant.

Fox, J., February 2, 1937.—This matter comes before us upon exceptions to an auditor's report. . . .

The exceptions relied on by exceptant are as follows:

1. "The overruling by the auditor of exception no. 2 is excepted to. Exception no. 2 was as follows:

" 'Payment under date of July 7, 1928, to the State of New York for stock transfer tax of $123 is excepted to, because, under the reciprocity acts, which took effect as

of July 1, 1925, no stock transfer tax was due from a citizen of Pennsylvania for New York stock'." . . .

We cannot sustain the first exception for the reason that it appears from the testimony and the auditor's report that it was advantageous to make a speedy sale of the Kennecott Copper stock, held by the executor, thereby securing a profit on said stock to the estate of approximately $600; it was at that time deemed by the executor to be advisable to make a sale without delay, and to make such sale a transfer stock tax had to to be paid, and was paid, to the State of New York. Under the reciprocity acts in force at that time between the States of New York and Pennsylvania, it appears that this payment was not necessary, but it was made for the purposes aforesaid, to wit, making a sale without delay. The estate having profited by the sale, we overrule the exception. We suggest to the executor that he make an attempt to recover this $123 from the proper authority of the State of New York; it may yet be recovered. The exception is overruled. . . .